*45 Vroom.* Martin v. Erwin.

VIRGINIA H. C. MARTIN ET AL. v. CHARLES P. ERWIN.

Submitted December 6, 1906—Decided February 25, 1907.

The plaintiffs, in an action for damages, caused by defendant's cutting vines on plaintiffs' premises, gave evidence as to the value of the vines and their ornamental effect upon the premises. *Held*, that it was error to reject evidence offered by the defendant upon the same points.

On appeal.

Before Justices HENDRICKSON, SWAYZE and TRENCHARD.

For the defendant-appellant, *Clarence Kelsey.*

For the plaintiffs, *Randolph Perkins.*

The opinion of the court was delivered by

HENDRICKSON, J. This is an appeal from the Second District Court of Jersey City. The action was brought to recover $300 damages for an alleged trespass by defendant in entering upon the premises of plaintiffs and cutting and removing therefrom three vines growing thereon. The case shows that the vines had been planted in plaintiffs' yard near the iron fence which separated the yard of plaintiffs from the yard of defendant, the two occupying brick dwellings adjoining each other, fronting on Astor Place, Jersey City. The vines known as "Boston ivy" had a growth of twelve years and had crossed the division fence and crept up the front walls of the two houses. The case shows that there was evidence on the part of plaintiffs tending to show that the vines covered the entire front of plaintiffs' premises and produced an ornamental effect, and that as a result of the cutting the front of plaintiffs' dwelling became bare and unsightly, requiring to be painted, and that the value of the vines and their ornamental effect upon the premises of plaintiffs was $200.

The defence, in part, was that the cutting was done on the defendant's own land to abate the nuisance that the vines had become upon his premises. Evidence was offered by the defendant to prove this, and also as to the value, if any, the vines gave to the plaintiffs' real estate or premises, but this offer was overruled. To this ruling exception was duly taken. Judgment was rendered for $100 damages and costs. The ground for the exclusion of the offer of evidence on the question of damages as to the value, if any, the vines gave to the plaintiffs' premises, does not appear in the case. The brief for the plaintiff, the appellee, does not attempt to justify the ruling. Nor are we able to justify it. Evidence had already been admitted on the part of the plaintiffs on this very question; it was material upon the measure of damages, and its exclusion deprived the defendant of the opportunity of contradicting the plaintiffs' evidence on this subject. For this error the judgment must be reversed, and there must be a new trial.